IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **QUINCY BIOSCIENCE, LLC**<br><br>PLAINTIFF<br><br>vs.<br><br>**ANDREW STEIN dba Disneyfan6767**<br><br>DEFENDANT | Case No. 8:17cv984T27 JSS<br><br>**JURY REQUESTED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

This is a suit by Plaintiff Quincy Bioscience, LLC ("Plaintiff" or "Quincy") against Defendant Mr. Andrew Stein dba Disneyfan6767 ("Stein") for damages and injunctive relief arising out of Defendant's misappropriation and use of Plaintiff's PREVAGEN® trademark. As set forth below, Defendant's unlawful acts constitute trademark infringement, unfair competition, dilution under Florida state law and deceptive conduct under the Florida Deceptive and Unfair Trade Practices Act.

### PARTIES

1. Plaintiff Quincy Bioscience, LLC is a Wisconsin corporation with an address at 726 Heartland Trail, Suite 300, Madison, Wisconsin, 53717.

2. Upon Information and Belief, Defendant Andrew Stein is an individual residing at 5323 120th Avenue E, Parrish, Florida, 34219.



1

## JURISDICTION AND VENUE

3      This Court has jurisdiction over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338, and 15 U.S.C. § 1121.

4.     This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of Florida pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     Defendant is subject to this Court's jurisdiction because it regularly conducts business in this District, it has committed the acts complained of herein in this District, and its acts have caused harm in this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and Defendant is doing business in the Middle District of Florida by, among other things, selling its products within this District.

## FACTUAL BACKGROUND

7.     This action arises from Defendant's unlawful use of Plaintiff's PREVAGEN® trademark.

8.     Quincy is a research-based biotechnology company which develops, markets and sells dietary supplements used for, *inter alia*, the support of cognitive function. Since at least as early as 2007, Quincy has used the trademark PREVAGEN® in commerce in connection to dietary supplements.

9.     Quincy's high-quality dietary supplements, including its PREVAGEN® line of dietary supplements, are widely available for retail purchase in brick and mortar stores throughout

the United States. Quincy's PREVAGEN® supplements are also widely marketed and distributed by way of various Internet websites.

10. Quincy owns all rights to U.S. Trademark Registration No. 3,349,744 for the PREVAGEN® mark, which is used in connection with "dietary supplements" in International Class 005 and United States Classes 006, 018, 044, 046, 051, and 052. The PREVAGEN® mark was registered on December 4, 2007. By virtue of Quincy's long and continuous use of its mark, the foregoing trademark registration is now legally incontestable pursuant to 15 U.S.C § 1065. A copy of U.S. Trademark Registration No. 3,349,744 is attached hereto as Exhibit A.

11. The use by Quincy of its distinctive PREVAGEN® mark for its quality nutritional supplement product has led Quincy to acquire valuable goodwill and name-recognition within the dietary supplement industry.

12. Quincy's PREVAGEN® product is sold packaged in a single facing box, which contains a bottle of dietary supplements sealed with a plastic safety overwrap and a product information sheet. Both the box and the sheet contain valuable information regarding the product which is not present on the bottle label, including information on the use of the product, answers to frequently asked questions about the product, and a toll-free number for contacting Quincy.

13. Quincy offers a money-back guarantee to purchasers of genuine PREVAGEN® products, which does not extend to purchases from unauthorized sellers of PREVAGEN® products not containing the front facing box packaging, product information sheet, and the information provided therein.

14. Defendant sells dietary supplements to customers in the United States and abroad on the internet website ebay.com under the name "Disneyfan6767," including dietary supplements

identified as PREVAGEN® and picturing bottles of Plaintiff's PREVAGEN® products such as PREVAGEN® Extra Strength product.

15. Defendant has sold dietary supplements identified as Quincy's PREVAGEN® Extra Strength product consisting of material not manufactured by Quincy.

16. Defendant has sold dietary supplements identified as Quincy's PREVAGEN® Extra Strength product containing ingredients and substances not found in Plaintiff's PREVAGEN® Extra Strength product.15. Defendant delivers dietary supplements identified as Quincy's "PREVAGEN®" products to consumers without single facing box packaging or a product information sheet.

17. Defendant is not an authorized dealer of Quincy's PREVAGEN® products.

18. Upon information and belief, Defendant had knowledge of Quincy's prior use and registration of the PREVAGEN® trademark, and acted willfully and with intent to deceive consumers in its adoption and use of the PREVAGEN® mark.

## COUNT I
## COUNTERFEITING
(15 U.S.C. § 1114(1)(a))

19. Plaintiff Quincy repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

20. Defendant is using Plaintiffs' registered PREVAGEN® trademark in interstate commerce in connection with Defendant's nutritional supplement products.

21. Defendant's use of the PREVAGEN® mark is without Plaintiff's consent.

22. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendant's first use thereof.

23. Defendant's use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant, in violation of the Lanham Act 15 U.S.C. § 1114(1)(a).

24. PREVAGEN® is registered on the principal register in the United States Patent and Trademark Office for the same type of goods upon or in connection with which Defendant uses the mark.

25. Upon information and belief, Defendant adopted and uses the PREVAGEN® mark in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in those marks and confuse consumers as to the affiliation between Defendant and Plaintiff, and to divert customers and revenue from Plaintiff.

26. Upon information and belief, Defendant intentionally uses the PREVAGEN® mark, knowing such mark is counterfeit, in connection with the sale, offering for sale, or distribution of Defendant's goods.

27. The aforementioned actions and activities of Defendant has caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT II
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

28. Plaintiff repeats and re-alleges paragraphs 1-18 and 24 above as if fully set forth herein.

29. Defendant is using Plaintiff's registered PREVAGEN® trademark in interstate commerce in connection with Defendant's dietary supplement products.

30. Defendant's use of the PREVAGEN® mark is without Plaintiff's consent.

5

31. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendant's first use thereof.

32. The missing front facing box packaging, product information sheet, and money-back guarantee in Defendant's product each represent a material difference between Plaintiff's PREVAGEN® products and Defendant's products.

33. Defendant's use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant, in violation of 15 U.S.C. § 1114(1).

34. Defendant has acted with actual or constructive knowledge of Plaintiff's trademarks and registrations, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

35. The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

36. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

37. Upon information and belief, Defendant has made or will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

38. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

39. Plaintiff repeats and re-alleges paragraphs 1-18, 24, and 31-37 above as if fully set forth herein.

40. Defendant's use of the PREVAGEN® mark which is identical or confusingly similar to Plaintiff's PREVAGEN® mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

41. Defendant's actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

42. Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

43. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

44. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## FLORIDA DILUTION STATUTE
### FL ST § 495.151

45. Plaintiff repeats and re-alleges paragraphs 1-18, 24, and 31-37 above as if fully set forth herein.

46. Plaintiff's PREVAGEN® mark is famous.

47. Defendant's use of the PREVAGEN® mark commenced after Plaintiff's PREVAGEN® mark became famous.

48. Defendant has used the PREVAGEN® mark in commerce.

49. Defendant's wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PREVAGEN® and are likely to injure Plaintiff's business reputation, in violation of Section 495.151, Florida Statutes.

50. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT V
## UNFAIR COMPETITION
### Florida Common Law

51. Plaintiff repeats and re-alleges paragraphs 1-18, 24, 31-37, and 46-48 above as if fully set forth herein.

52. This is a claim against Defendant for unfair competition under the common law of the State of Florida.

53. Defendant's use of Plaintiff's PREVAGEN® mark is likely to and does permit Defendant to pass off its products as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendant.

54. Defendant's unauthorized use of the PREVAGEN® mark has caused and is likely to continue to cause damage to Plaintiff's valuable reputation and image associated with Plaintiff and its PREVAGEN® product. Defendant has passed off its goods as those of Plaintiff by Defendant's misrepresentations to the public such that Defendant's acts are likely to cause confusion, or to cause mistake, or to deceive members of the public as to the affiliation, connection,

or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

55. By reason of the foregoing, Defendant is liable to Plaintiff for compensatory damages and/or Defendant's illicit profits.

## COUNT VI
## STATE DECEPTIVE AND UNFAIR TRADE PRACTICES
## FLA. STAT. § 501.204

56. Plaintiff repeats and re-alleges paragraphs 1-18, 24, 31-37, and 46-48 above as if fully set forth herein.

57. Plaintiff has suffered, and continue to suffer, actual injury in fact due to the deliberate acts of infringement by Defendant without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

58. Defendant's knowing acts and practices as detailed above constitute acts of unlawful, unfair or deceptive business acts and practices that have a substantial likelihood of consumer confusion within the meaning of Florida's Deceptive and Unfair Trade Practices Act § 501. Defendant has engaged in transactions that are in violation of numerous provisions of Florida law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. That Defendant and its agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

    i. Using the PREVAGEN® mark;

    ii.    Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendant are sponsored by, authorized by, or in any way associated with Plaintiff;

    iii.    Falsely representing that Defendant is associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendant is in any way associated with or sponsored by Plaintiff; and

    iv.    That Defendant be required to account to Plaintiff for any profits derived by it and for damages sustained by Plaintiff by reason of the acts of trademark infringement, dilution, deceptive and unfair trade practices, and unfair competition complained of herein.

B.    That judgment be entered against Defendant for:

    i.    Plaintiff's damages and Defendant's profits; statutory damages; treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act for Defendant's willful infringement and dilution of Plaintiff's marks; and

    ii.    That Defendant be required to pay to Plaintiff the costs of this action.

C.    That this Court grant to Plaintiff any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 25, 2017.

Respectfully submitted,

By: _____

Ryan M. Kaiser (*pro hac vice to be filed*;
    ryan@amintalati.com)
Jonathan J. Krit (*pro hac vice to be filed*;
    jonathan@amintalati.com)
AMIN TALATI UPADHYE, LLP
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3328
Facsimile: (312) 884-7352

Attorneys for Plaintiff
Quincy Bioscience, LLC

# EXHIBIT "A"

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,349,744
Registered Dec. 4, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# PREVAGEN

QUINCY BIOSCIENCE, LLC (WISCONSIN LTD LIAB CO)
455 SCIENCE DRIVE, SUITE 120
MADISON, WI 53711

FOR: DIETARY SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 9-4-2007; IN COMMERCE 9-4-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-727,165, FILED 10-5-2005.

GEORGE LORENZO, EXAMINING ATTORNEY