UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUINCY BIOSCIENCE, LLC,

    Plaintiff,

v.    Case No: 8:17-cv-984-T-27JSS

ANDREW STEIN,

    Defendant.
_____/

# **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment ("Motion") (Dkt. 14). Plaintiff sues Defendant Andrew Stein for Defendant's alleged sale of products he identifies as Plaintiff's trademarked product. (Dkt. 1.) The Clerk of Court entered default against Defendant. (Dkt. 12.) In the Motion, Plaintiff moves for default judgment, requesting that the Court enter a permanent injunction against Defendant. Further, Defendant requests damages against Defendant pursuant to 15 U.S.C. § 1117, which "entitles a trademark holder to recover, among other things, the profits earned by a defendant from infringement of the mark." *Burger King Corp. v. Mason*, 855 F.2d 779, 780–81 (11th Cir. 1988) (citing 15 U.S.C. § 1117, which provides that a trademark owner is entitled "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action").

To calculate Defendant's profits, Plaintiff requests that the Court order Defendant "to produce and turn over all records demonstrating Defendant's illicit sales and profits, as well as documents evidencing his sources of counterfeit material and to whom such counterfeit materials were sold." (Dkt. 14 at 15.) After this production, Plaintiff requests a hearing at which the Court will determine the amount of profits earned by Defendant to award Plaintiff. (*Id.*)

The Eleventh Circuit has determined that an accounting for profits "further[s] the congressional purpose by making infringement unprofitable, and is justified because it deprives the defendant of unjust enrichment and provides a deterrent to similar activity in the future." *Burger King Corp.*, 855 F.2d at 781; *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1182 (11th Cir. 1994) (internal citation omitted) ("Where the defendant's infringement is deliberate and willful, as in this case, an accounting for profits is proper under a theory of unjust enrichment. This accounting serves to deter future infringement, and is thus appropriate even where the plaintiff is not in direct competition with the defendant.").

Plaintiff is entitled to production from Defendant regarding his profits to support Plaintiff's claim for damages. *See GP Brands, Inc. v. Williams*, No. 8:15-cv-2912-T-27TGW (M.D. Fla. Mar. 24, 2016) (directing defendant to provide plaintiff with an accounting of its profits in connection with plaintiff's motion for default judgment). However, Plaintiff's request for records is unlimited in time and Plaintiff's Complaint does not specify a time span during which Defendant allegedly sold products identified as Plaintiff's trademarked product. (See Dkt. 1 ¶¶ 14–16.) Therefore, Plaintiff is directed to supplement the Motion with a request for Defendant's records of profits for a specified time range.

Further, in the Motion, Plaintiff requests an award of statutory damages under 15 U.S.C. § 1117(c) in addition to an award of Defendant's profits pursuant to § 1117(a). The Court notes, however, that "[i]n a case involving the use of a counterfeit mark," "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection [1117](a), an award of statutory damages" in specific amounts. 15 U.S.C. § 1117(c). In its supplement, Plaintiff is directed to provide further briefing regarding its election of damages under 15 U.S.C. § 1117. *See PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp.

2d 1213, 1219–20 (S.D. Fla. 2004) (internal quotations and citations omitted) (explaining that "[t]he statutory damage provision, § 1117(c), was added in 1995 because counterfeit records are frequently nonexistent, inadequate, or deceptively kept [ ] making proving actual damages in these cases extremely difficult if not impossible" and that "[s]everal courts have found statutory damages specially appropriate in default judgment cases due to infringer nondisclosure").

Accordingly, it is **ORDERED** that Plaintiff supplement the Motion as directed herein within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on August 8, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record